**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-22521-BLOOM**

RAFAEL ZAGA TAWIL,

     Petitioner,

v.

PATRICIA CARDINAL, Warden/Officer-in-charge,
ICE ERO Processing Center Miramar, in her official capacity;
GARRETT RIPA, Field Office Director, Miami Field Office,
U.S. Immigration and Customs Enforcement, in his official capacity;
TODD M. LYONS, Acting Director, U.S. Immigration & Customs
Enforcement, in his official capacity; and MARKWAYNE MULLIN
Secretary, U.S. Department of Homeland Security, in his official capacity,

     Respondents.

_____/

## ORDER TO SHOW CAUSE

**THIS CAUSE** is before the Court upon Petitioner Rafael Zaga Tawil's ("Petitioner")

Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241. ECF No. [1]. Petitioner

alleges that he has been unlawfully detained in Immigration and Customs Enforcement ("ICE")

custody.

28 U.S.C. § 2243 provides that "[a] court, justice or judge entertaining an application for a

writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to

show cause why the writ should not be granted. The writ, or order to show cause shall be directed

to the person having custody of the person detained. It shall be returned within three days unless

for good cause additional time, not exceeding twenty days, is allowed."

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  Counsel for Respondents shall immediately notify the Court of receipt of this Order

and the name of the Assistant United States Attorney to whom the case is assigned.

2. **On or before April 15, 2026**, Respondents shall file a memorandum of fact and law to show cause why the Petition should not be granted and shall file all documents and transcripts necessary for resolution of the Petition. *See* 28 U.S.C. § 2243 (a response to the order to show cause "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.").

3. Respondents are reminded that it must provide Petitioner full and complete copies of all documents filed in support of its response. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of a pleading for all purposes."); *Rodriguez v Fla. Dep't of Corr.*, 748 F.3d 1073, 1077 (11th Cir. 2014) ("[A]ll documents referenced in the [] answer and filed with the Court must be served on the habeas petitioner.").

4. Petitioner may, but is not required to, file a reply within **three (3) days** of the date on which the Court dockets the Response. The reply, if any, **shall not exceed ten pages** and shall otherwise comply with the Court's applicable Local Rules governing the form of filings. *See* S.D. Fla. L.R. 7.1(c); L.R. 5.1(a)(4).

5. Furthermore, to preserve the status quo and the Court's jurisdiction, Respondents shall not remove Petitioner from the United States or the Southern District of Florida until further order of the Court. *See* 28 U.S.C. § 1651; *A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1368 (2025) ("grant[ing] temporary injunctive relief" against removal "to preserve our jurisdiction" while adjudicating the merits).

Case No. 26-cv-22521-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 12, 2026.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:  counsel of record

Noticing INS Attorney
Email: usafls-immigration@usdoj.gov

Noting 2241/Bivens US Attorney
Email: usafls-2255@usdoj.gov