**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-22521-BLOOM**

RAFAEL ZAGA TAWIL,

      Petitioner,

v.

PATRICIA CARDINAL, Warden/Officer-in-charge,
ICE ERO Processing Center Miramar, in her official capacity;
GARRETT RIPA, Field Office Director, Miami Field Office,
U.S. Immigration and Customs Enforcement, in his official capacity;
TODD M. LYONS, Acting Director, U.S. Immigration & Customs
Enforcement, in his official capacity; and MARKWAYNE MULLIN
 Secretary, U.S. Department of Homeland Security, in his official capacity,

      Respondents.

_____/

## <u>ORDER ON TEMPORARY RESTRAINING ORDER</u>

**THIS CAUSE** is before the Court upon Petitioner Rafael Zaga Tawil's ("Petitioner")

Application for *Ex Parte* Temporary Restraining Order ("Application"), ECF No. [3]. Respondents

did not file a Response to the Application. The Court has reviewed the Application, the record,

and is otherwise fully advised. For the reasons that follow, the Application is denied.

On April 11, 2026, Petitioner filed his Petition for Writ of *Habeas Corpus*. ECF No. [1].  On

April 12, 2026, he filed his Application for Temporary Restraining Order. ECF No. [3]. In his

Application, Petitioner requests that Respondents be enjoined from removing Petitioner from the

United States, enjoined from transferring Petitioner outside the Southern District of Florida,

directed to keep Petitioner at the ICE ERO Processing Center at 2805 SW 145th Avenue, Miramar

Florida, permit Petitioner to meet and confer with Counsel of Record, enjoined from accepting

from Petitioner a voluntary withdrawal of an application for admission or a voluntary withdrawal

of his pending asylum application, and directed to show cause within 3 days why a writ of *habeas corpus* should not issue. ECF No. [3] at 4-5.

Also on April 12, 2026, this Court issued an Order to Show Cause, which required Respondents to show cause why the Petition for Writ of *Habeas Corpus* should not be granted and ordered Respondents not to remove Petitioner from the United States or transfer Petitioner outside the Southern District of Florida. ECF No. [4].

The Eleventh Circuit has explained that four factors must be considered in determining whether to grant a temporary restraining order or a preliminary injunction. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225 (11th Cir. 2005). Namely, a movant must establish "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Id.* at 1225-26 (citing *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995); *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000)). As to the second prong, Petitioner argues he faces irreparable harm because of potentially imminent transfer. ECF No. [3] at 3-4. However, the Court's April 12, 2026, show cause order prevents that harm. Because Petitioner's Application fails to outline an irreparable injury not addressed by the Court's prior show cause order[1], the Application is denied.

Accordingly, it is **ORDERED AND ADJUDGED** that Petitioner's Motion**, ECF No. [3]** is **DENIED**.

---

[1] Petitioner also argues he faces the "imminent danger of being coerced into signing away his rights." ECF No. [3-1] at 6. Specifically, Petitioner argues he "may" be pressured to sign a voluntary removal agreement or to withdraw his asylum application. *Id*. The Court finds such an injury speculative rather than actual or imminent. To satisfy the irreparable harm prong, the injury must be actual and imminent. *See Ne. Florida Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1285 (11th Cir. 1990).

Case No. 26-cv-22521-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 28, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

3